GRISWOLD ASHLAND LIMITED PARTNERSHIP *v.*
TOWN OF GRISWOLD
(13433)

FOTI, SCHALLER and FREEDMAN, Js.

Argued March 14—decision released June 13, 1995

*Richard J. Duda,* with whom was *Mary Beth Duda,* for the appellant (defendant).

*Richard J. Pascal,* with whom, on the brief, was *Lloyd L. Langhammer,* for the appellee (plaintiff).

SCHALLER, J. The defendant appeals from the judgment of the trial court in favor of the plaintiff, which

was rendered on the plaintiff's complaint brought pursuant to General Statutes § 12-117a[1] for a reduction in the amount of the assessment and tax on a parcel of real property. The principal issue in this appeal is whether the trial court improperly reduced an assessment on the plaintiff's real property by adopting an appraisal method that was invalid as a matter of law. We reverse the judgment of the trial court.

The trial court found the following facts. On December 31, 1985, the plaintiff purchased twenty-one units of an apartment complex located at 358 East Main Street in the town of Griswold. In May, 1988, the plaintiff declared the units as condominiums. The Griswold Ashland complex contains a total of thirty units of which twenty-one are owned by the plaintiff.

The plaintiff furnished the assessor of the town of Griswold with all of the information relevant to the assessment of the property. The assessor implemented, as of October 1, 1992 and October 1, 1993, a valuation of the condominium units for the town of Griswold at 70 percent of their alleged actual valuation. The plaintiff appealed to the town board of tax review for a reduction of the assessments made, but the board made no changes. On June 11, 1993, the plaintiff commenced this action against the defendant.

---

[1] General Statutes § 12-117a provides in pertinent part: "APPEALS FROM DECISIONS OF BOARDS OF TAX REVIEW CONCERNING ASSESSMENT LISTS FOR ASSESSMENT YEARS COMMENCING OCTOBER 1, 1989, TO OCTOBER 1, 1992. Notwithstanding the provisions of sections 12-118, 12-121aa and 12-121bb, any person, including any lessee of real property whose lease has been recorded as provided in section 47-19 and who is bound under the terms of his lease to pay real property taxes, claiming to be aggrieved by the action of the board of tax review in any town or city with respect to the assessment list for the assessment year commencing October 1, 1989, October 1, 1990, October 1, 1991, October 1, 1992, October 1, 1993, or October 1, 1994, may, within two months from the time of such action, make application, in the nature of an appeal therefrom, to the superior court for the judicial district in which such town or city is situated, which shall be accompanied by a citation to such town or city to appear before said court. . . ."

The assessor and the board of tax review determined the assessed valuations of each of the plaintiff's units to be $37,310. Since the conversion to condominiums, one unit was sold in December, 1992. This unit was foreclosed, however, and auctioned off for $10,000 in October, 1993. At the time of trial, eighteen of the units were being rented, and the three other units were available for rent. The plaintiff had appealed a prior assessment and the court had reduced the assessment.

At trial, the plaintiff's expert, Chris S. Buckley, testified that the fair market value to a single purchaser of the subject twenty-one condominium units taken together was $394,000, and that the fair market value as to each unit was $18,762. Buckley employed a method of appraisal, which he called "the discounted cash flow developmental method of income capitalization," utilizing projections of sales for a period of eight years less expenses and discounting to a present value estimate. The trial court found that the "[p]laintiff's appraisal and expert witness are more timely, complete, without bias, considered and expert." The trial court, however, gave considerable weight to the 1990 judgment in the prior tax appeal, and found the present fair market value of each unit to be $26,000 and the assessed value to be $18,100, a figure in conformity with the value found by the trial court in 1990.

This claim is controlled by our decision in *Heather Lyn Ltd. Partnership* v. *Griswold*, 38 Conn. App. 158, 659 A.2d 740 (1995). Consistent with our holding in that case, we conclude that the plain language of General Statutes §§ 12-63b (a) (3) and 12-63b (b) demonstrates that the trial court incorrectly adopted and applied an appraisal method conducted under the income capitalization method that relied on future sale of units as a measure of value.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.